IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER WIELICKI, | ) | CASE NO. 1:09 CV 15 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE HMC GROUP, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This matter is before the Court on Defendant, HMC Group's ("HMC") Motion for Attorneys' Fees and Costs. (ECF #38). HMC Group seeks reimbursement of attorney fees, costs and expenses it incurred defending against claims made against them during the course of this litigation. Plaintiff, Peter Wielicki filed a response opposing the motion. (ECF #39).

### Procedural History

Plaintiff filed a Complaint against HMC in the Common Pleas Court of Cuyahoga County, claiming that it violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Fair Credit Reporting Act ("FCRA"), and alleging damages for negligence, property damage and impairment of credit rating, defamation, infliction of emotional distress, and "loss of opportunity". In response, HMC removed the case to federal

court and eventually filed a motion for summary judgment. (ECF #1, 13). Plaintiff did not oppose summary judgment on any of the "common law" claims.[1] This Court granted summary judgment on all claims except the FDCPA claim. The FDCPA claim went to trial, and a jury found against the Plaintiff and in favor of Defendant on that remaining claim. HMC is now seeking attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), which provides as follows:

> [o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Plaintiff's claim under the FDCPA was premised on the claim that he had sent numerous (up to eleven) different written notices to the Defendant disputing his debt. The evidence at trial, however, failed to establish that any letters were ever sent, and undermined the credibility of Plaintiff's oral assertions that they had been. Further, throughout the litigation, Plaintiff made repeated implausible claims as to why no record of any such letters was available in discovery,[2] misrepresented "reconstructed" versions of the alleged letters as copies of the original,[3] and attempted to offer these fabrications as evidence in support of his claims. In

---

[1] Several of the non-statutory counts in the Complaint set forth claims for which there is no separate cause of action under Ohio law.

[2] Plaintiff, a well educated man with a long history of lawsuits of this type claims not to have kept any signed copies of the letters; did not send the alleged letters with return receipt requested; claims to have lost the original copies when switching computers; and claims that the computer upon which they were drafted is now in a "landfill" somewhere.

[3] As noted in the Magistrate's Report and Recommendation on the Motion for Summary Judgment, one of the alleged "copies" is dated prior to the Plaintiff ever having received any communication from the Defendant in regard to the debt at issue. Plaintiff has offered no explanation for this.

addition, the testimony at trial indicated that Plaintiff is a frequent litigator with a long history of bringing this type of action against a multitude of companies.

Plaintiff attempted to raise claims that do not exist in Ohio law, presented absolutely no evidence whatsoever for any of the claims that were dismissed on summary judgment, and provided no admissible evidence, aside from his own dubious testimony, to support his claim that HMC violated the FDCPA. Plaintiff brought this action alleging a multitude of damages under no less than seven separate theories, with no factual or legal support for any of the claims; he has a long history of bringing this type of action against a multitude of companies; he attempted to present evidence fabricated or "reconstructed" after the fact, some of which was dated prior to the Defendants ever having contacted him; and he provided implausible testimony at trial that both the jury and the Court found to be not credible. Taken together these facts strongly indicate that his primary purpose was not to obtain justified relief, but to harass the defendant in the hope of obtaining a quick settlement offer. The Court finds, therefore, that this action was brought in bad faith, and that attorneys fees and costs should be awarded to the Defendant.

HMC has submitted evidence of the hours spent (over the course of ten months) in defending this litigation, the hourly rates of the attorneys and paralegals involved in the defense, and the costs incurred. It seeks $14,694.50 in attorneys fees; $503.50 in paralegal time; and $1,508.42 in costs. The defense conducted discovery, drafted a successful summary judgment motion and reply brief, responded to a merit-less motion for reconsideration/motion to strike submitted by the Plaintiffs, and prepared for, drafted motions for, and attended trial. The hours worked appear necessary and reasonable in defense of this action; and, the rates, and costs all

appear to be reasonable and well within the norm for the type of work required and the average rates within the community.

Plaintiff's arguments against the award and the amount requested are without merit. He argues that expending over $16,000 to defend a claim that had a maximum $1000 statutory penalty is unreasonable as a matter of law. In doing so, he misrepresents the nature of his original action[4] and disregards the Defendant's right to fully defend an action against it, regardless of the amount at stake.

## Conclusion

For the reasons set forth above, HMC's Motion for Attorneys' Fees and Costs is GRANTED. (ECF #38). Attorneys' fees and costs are awarded to HMC Group and against Plaintiff in the amount of $16,706.42.42. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Donald C. Nugent
United States District Judge

Date: *November 3, 2009*

---

[4] Plaintiff's Complaint sought $8,000 in statutory damages, injunctive relief, actual damages, exemplary and punitive damages, attorney's fees, court costs, and "other assessments proper by law."